IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| John Davis, Individually and for Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ConocoPhillips Company, | ) ) |
| Defendant. | ) ) ) |

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS**

Case No. 1:22-cv-105

Before the Court is John Davis's Rule 12(b)(6) motion to dismiss Defendant ConocoPhillips Company's first affirmative defense filed on September 16, 2022. See Doc. No. 20. Defendant ConocoPhillips Company filed a response in opposition to the motion on October 7, 2022. See Doc. No. 22. The Plaintiff filed a reply on October 21, 2022. See Doc. No. 28. For the reasons set forth below, the motion is denied.

### I.     BACKGROUND

ConocoPhillips Company ("ConocoPhillips") is a company engaged in the exploration and production of oil and natural gas. ConocoPhillips hired John Davis and classified him as an independent contractor. Davis provided services to ConocoPhillips throughout western North Dakota.

On June 22, 2022, Davis filed a complaint alleging ConocoPhillips improperly classified him as an independent contract and failed to pay him overtime wages under the Fair Labor Standards Act. See Doc. No. 1. Davis seeks to certify a putative class of similarly situated individuals. He seeks to recover unpaid overtime and other damages owed under the Fair Labor

1

Standards Act as a collective action pursuant to 29 U.S.C. § 216(b). On August 1, 2022, ConocoPhillips filed an answer asserting, among other defenses, that Davis and the putative class members are subject to a valid arbitration agreement. See Doc. No. 6. On September 16, 2022, Davis filed a motion to dismiss the arbitration affirmative defense. See Doc. No. 20.

## II.  STANDARD OF REVIEW

Rule 8(c)(1) of the Federal Rules of Civil Procedure requires a party to "affirmatively state any avoidance or affirmative defense" in responding to a pleading. Fed. R. Civ. P. 8(c)(1). In *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022) the Eighth Circuit Court of Appeals articulated the requisite standard for pleading affirmative defenses.

> [T]he Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it, but we decline to adhere to a construction of the Rule that would privilege form over substance. As long as an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal. This includes the bare assertion of a defense without being articulated with any rigorous degree of specificity.

Crutcher, 22 F.4th at 765-66 (internal quotation marks omitted). The explicit assertion of an affirmative defense in an answer constitutes an adequate pleading. Id. at 766.

Davis and ConocoPhillips dispute whether the pleading standards articulated by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) should apply to affirmative defenses. The parties note that the Eighth Circuit Court of Appeals has not addressed the application of *Twombly* and *Iqbal* to affirmative defense. While the Eighth Circuit's holding in *Crutcher* makes no explicit reference to *Twombly* and *Iqbal*, it provides a clear standard for pleading affirmative defenses. Given that the Eighth Circuit's decision in *Crutcher* came over one decade after the Supreme Court's decisions in *Twombly* and

*Iqbal*, it is implicit that the Eighth Circuit Court of Appeals has declined to apply the heightened pleading standard to affirmative defenses.

### III.     **LEGAL DISCUSSION**

In its motion to dismiss, Davis argues ConocoPhillips's first affirmative defense contained in the answer is insufficiently pled. ConocoPhillips's first affirmative defense states as follows:

> Upon information and belief, and upon further investigation, the claims asserted against ConocoPhillips by Plaintiff and the putative class members are subject to a valid arbitration agreement. ConocoPhillips reserves its right to compel arbitration of all claims asserts against it that are subject to a valid arbitration agreement, and notice should not be provided to any such person.

See Doc. No. 6. Davis argues the answer fails to provide fair notice of the arbitration affirmative defense because it lacks factual allegations and does not include a copy of the arbitration agreement or adequately plead the existence of the agreement. Davis contends ConocoPhillips is required to do more than simply list affirmative defenses.

The level of specificity Davis demands is not required. Factual allegations are not necessary under the Rule 8 affirmative defense pleading standard. ConocoPhillips explicitly stated the affirmative defense in its answer, which is all that is required under Rule 8(c)(1) and *Crutcher v. MultiPlan, Inc.* The assertion of the arbitration affirmative defense in the answer is sufficient to put Davis on notice. The Court concludes ConocoPhillips's answer satisfies the Rule 8(c)(1) standard for the arbitration affirmative defense. Dismissal of the affirmative defense is not warranted.

## IV. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant case law.  For the reasons set forth above, the Plaintiff's motion to dismiss (Doc. No. 20) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 13th day of February, 2023.

>	*/s/ Daniel L. Hovland*
>	Daniel L. Hovland, District Judge
>	United States District Court